**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SONG LIN,<br><br>           Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>           Respondent. | Nos.  12-72136 and 13-72357<br><br>Agency No. A099-968-183<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2017
Honolulu, Hawaii

Before:  FISHER, PAEZ, and NGUYEN, Circuit Judges.

Song Lin ("Lin"), a native and citizen of the People's Republic of China

("China"), petitions for review of his final order of removal as well as the denial of

his motion to reopen proceedings due to ineffective assistance of counsel.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

grant the petition for review of the motion to reopen, No. 13-72357, and dismiss the petition for review of the underlying removal order, No. 12-72136.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, "although [de novo] review applies to the BIA's determination of purely legal questions." *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (alteration in original).

On April 8, 2013, Lin filed an untimely motion to reopen challenging the performance of his attorney at his merits hearing as well as the performance of his second attorney who failed to file a timely motion to reopen. As Lin's motion to reopen was untimely, Lin needs to demonstrate that he merits equitable tolling. *See, e.g.*, *Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir. 2003). To merit equitable tolling on account of ineffective assistance of counsel, Lin must establish: "(a) that he was prevented from timely filing his motion due to prior counsel's ineffectiveness; (b) that he demonstrated due diligence in discovering counsel's fraud or error; and (c) that he complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)." *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). In denying Lin's motion to reopen as untimely, the BIA did not address the first two factors, stating only that Lin had met the requirements of *Matter of Lozada*. It then turned to the merits of Lin's motion to reopen.

2

"When considering the merits of a motion to reopen premised on ineffective assistance of counsel, the BIA asks whether counsel's performance was deficient, and whether the alien suffered prejudice." *Singh*, 658 F.3d at 885. Here, the BIA did not address whether Lin's first attorney at his merits hearing failed to perform with sufficient competence, but resolved the prejudice prong against him. We disagree and conclude Lin has demonstrated that he was prejudiced by his first attorney's performance in preparing and presenting his case before the immigration court.

To demonstrate prejudice, a petitioner need only show that "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." *Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005) (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)) (emphasis in original). To determine whether Lin suffered prejudice, we "must consider the underlying merits of the case to come to a tentative conclusion as to whether [Lin's] claim, if properly presented, would be viable." *Id.* at 794 (internal quotation marks and citation omitted). As a result, Lin need only demonstrate that he "has *plausible* grounds for relief . . . not . . . that [h]e would win or lose on any claim, only that [his] claims merit full consideration by the BIA." *Id.* (internal quotation marks and citation omitted) (emphasis in original). Here, Lin has demonstrated that he has a

3

plausible ground for relief, and the BIA abused its discretion in concluding otherwise.

Lin seeks to reopen his proceeding so that he can apply for asylum based on his political opinion relating to his resistance to China's coercive population measures. We have previously held that individuals who are not personally subject to forced sterilization or abortion, can nonetheless be granted asylum if they have demonstrated past persecution or a well-founded fear of future persecution on account of "'other resistance' to a coercive population control program." *Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1093–94 (9th Cir. 2010) (quoting *Matter of J-S-*, 24 I. & N. Dec. 520, 537–38 (U.S. Att'y Gen. 2008)); *see also Ming Xin He v. Holder*, 749 F.3d 792, 794 (9th Cir. 2014). Here, by way of the additional materials submitted in his motion to reopen, Lin has demonstrated a plausible claim for asylum based on "other resistance."

In his motion to reopen, Lin submitted a host of materials, including a new detailed declaration, in support of his claim. Lin's declaration provided the following relevant facts: (1) he married his wife in a public ceremony despite neither he nor his wife being of legal age to do so; (2) he and his wife gave birth to a daughter earlier than was permitted under Chinese law; (3) he and his wife decided they wanted another child in violation of China's policy, and he

4

accompanied his wife to a private doctor to have the government-inserted intrauterine device removed; (4) Lin's wife contacted her cousin and asked her to report to government-mandated gynelogical examinations on her behalf to hide the pregnancy; (5) the cousin reported to several examinations at the family's request and pretended to be Lin's wife; (6) Lin's wife gave birth to a second child in violation of China's family planning laws; (7) Lin's wife was taken away by government officials and forcibly sterilized; (8) Lin frantically attempted to locate his wife after she was taken by government officials; (9) Lin and his wife were fined for both their early marriage and the birth of both of their children; and (10) family planning officials threatened to destroy Lin's father's home—where Lin was living—if they failed to pay the fines.

All of the facts presented in Lin's declaration were corroborated by Lin's wife's declaration, Lin's father's declaration, Lin's mother's declaration, and Lin's wife's cousin's declaration.[1] Moreover, the trustworthiness of Lin's narrative is bolstered by the 2007 and 2011 U.S. Department of State Country Reports on Human Rights Practices in China that were submitted with Lin's motion to reopen. As a result, Lin has presented sufficient evidence to plausibly establish conduct

---

[1] All of these declarations were prepared in Chinese, signed by the declarants, and submitted with accompanying identification.

constituting other resistance to China's coercive population control policies. *See Jiang*, 611 F.3d at 1094–95.

To obtain reopening, Lin must also demonstrate that he has a plausible claim of either past persecution or a well-founded fear of future persecution. *See Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Here, Lin has established a plausible claim of past persecution on account of his political opinion for resistance to China's coercive population control policies.[2] The BIA held otherwise because Lin did "not claim that he was ever detained or physically harmed." But, as our precedent makes clear, physical abuse and detention are not the only conduct that rises to the level of persecution. *See, e.g., Kovac v. INS*, 407 F.2d 102, 105–07 (9th Cir. 1969) (physical harm not required for a finding of persecution); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004) ("Persecution may be emotional or psychological, as well as physical."); *Baballah v. Ashcroft*, 367 F.3d 1067, 1076 (9th Cir. 2004) (substantial economic deprivation that constitutes a threat to life or freedom may constitute persecution). In simply stating that Lin had not suffered physical abuse or detention, the BIA failed to

---

[2]  As we conclude that Lin has made out a plausible claim of past persecution, we do not address whether Lin has additionally established a plausible claim of a well-founded fear of future persecution.

6

consider all of the evidence in light of the foregoing precedent that recognizes persecution even in the absence of detention or physical harm.

Lin's plausible claim for persecution is based on: (1) his wife's forced sterilization; (2) the multiple fines that were levied against him for violating China's policies;[3] (3) Lin and his wife's forced move back to Fujian Province because family planning officials had started to come to the compound in which they lived to question Lin's boss; (4) threats by family planning officials that they would destroy his father's house—the house in which Lin was living—if the fines were not paid; and (5) Lin's move to Hunan Province to "temporarily avoid the harassment of family planning." As a result, the BIA abused its discretion in concluding that Lin failed to demonstrate a plausible claim of persecution simply because he was not detained or physically harmed. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (stating abuse of discretion standard).

In denying Lin's motion to reopen, the BIA abused its discretion. Lin has made out a plausible claim for relief and thereby adequately demonstrated prejudice. Accordingly, we grant the petition for review in No. 13-72357, and remand to the BIA for further proceedings consistent with this memorandum. In

---

[3] In *Jiang*, we noted that fines can be "part and parcel of a broader set of reprisals for [Lin's] resistance to China's coercive population control policies." 611 F.3d at 1096 n.2.

light of our decision on the motion to reopen, we do not address Lin's challenges to the underlying removal order in No. 12-72136. If on remand the BIA again denies reopening, we direct the BIA to also reissue its underlying removal order to permit Lin to file a new petition for review raising any challenges to the removal order as well as the order denying reopening.

The Petition for Review in No. 13-72357 is GRANTED and REMANDED.

The Petition for Review in No. 12-72136 is DISMISSED.